UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION (DKTS. 17, 19, 83) (JS-6)**

### I.  Factual and Procedural Background

In 2011, Adriana Lopez ("Plaintiff") brought two actions against her employer, Ace Cash Express, Inc. ("Defendant"), in the Los Angeles Superior Court. The first, *Lopez v. Ace Cash Express, Inc.*, LA CV11-04611 ("*Lopez I*") was a putative class action asserting wage-and-hour violations under the California Labor Code. *Lopez I*, Dkt. 1. Defendant removed *Lopez I* pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d); Plaintiff's motion to remand was denied. *Id.*; Dkt. 21.

The second action, *Lopez v. Ace Cash Express, Inc.*, LA CV11-07116 ("*Lopez II*"), which is the subject of this Order, was brought pursuant to the California Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, based on similar alleged violations of the California Labor Code. *Lopez II*, Dkt. 1-1. It is a representative action "on behalf of [Plaintiff] and other current or former employees" of Defendant. *Id.* ¶ 16. It was alleged that Plaintiff's "pro rata share of penalties and pro rata share of attorneys' fees[] is less than $75,000." *Id.* ¶ 4. Notwithstanding this allegation as to the amount in controversy, *Lopez II* was removed pursuant to 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction. Dkt. 1. Defendant claimed that Plaintiff's "*pro rata* share of penalties and attorneys' fees is not determinative of the calculation of the amount in controversy," and that, when the shares of other employees and of the state of California were considered, the aggregate amount in controversy would exceed the jurisdictional amount of $75,000. *Id.* ¶¶ 14-22.

On May 4, 2012, an order was issued with respect to several motions brought in these two actions. Dkt. 52. Defendant's motion to consolidate *Lopez I* and *Lopez II*, and Plaintiff's motion to remand *Lopez II*, were denied. *Id.* at 13. Defendant's motion to compel bilateral arbitration in *Lopez I* was granted. *Id.* Defendant's motion to compel arbitration in *Lopez II* was stayed pending the outcome of arbitration in *Lopez I*. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

On September 23, 2013, the parties' stipulation to dismiss *Lopez I* pursuant to settlement was granted. *Lopez I*, Dkt. 73. Pursuant to this stipulation, the parties agreed to stay *Lopez II* "pending final determination of *Urbino v. Orkin Services of California, Inc.*, Nos. 11-56944, 57002 (9th Cir. filed Nov. 3, 2011) and/or *Iskanian (Arshavir) v. CLS Transportation of Los Angeles LLC*, No. S204032, 2012 Cal. LEXIS 8925 (Cal. Sept. 19, 2012)." *Id.* at 2. On August 13, 2013, the Ninth Circuit decided *Urbino*, which concerned claim aggregation under PAGA. 726 F.3d 1118 (9th Cir. 2013). It was Plaintiff's position that "this Court likely no longer possesses subject matter jurisdiction" following this decision; however, the parties agreed that the action should remain stayed pending final disposition of *Iskanian*, which was "a critical element of the parties' agreement to settle *Lopez I*." Dkt. 78 at 2-3. On June 23, 2014, the California Supreme Court issued its opinion in *Iskanian*, which concerned, *inter alia*, the enforceability of agreements to waive and compel arbitration of representative PAGA claims. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014). The United States Supreme Court denied *certiorari* on January 20, 2015. 135 S. Ct. 1155 (2015).

On February 10, 2015, the parties submitted a 10-page joint status report expressing their respective positions as to whether remand or reinstatement of *Lopez II* to this Court's active calendar was appropriate in light of the *Urbino* and *Iskanian* decisions. Dkt. 83. Plaintiff contends that immediate remand is appropriate under *Urbino*, because it held that only Plaintiff's pro rata share could be considered for purposes of determining the amount in controversy. *Id.* at 2-4. Defendant disagrees for two reasons. First, California's 75% share of recovery may be aggregated with Plaintiff's. Second, even if there were a change in law between removal and the present, because jurisdiction existed at the time of removal, it continues. *Id.* at 4-9.

The joint status report sufficiently presents the positions of each party such that neither further briefing nor -- pursuant to Local Rule 7-15 -- a hearing is required.[1]  For the reasons stated in this Order, due to the recent appellate decisions, the Court reconsiders its May 4, 2012 ruling denying Plaintiff's Motion to Remand, and **GRANTS** that Motion. Dkts. 17, 52. Defendant's Motion to Compel Arbitration is **DENIED AS MOOT**.

---

[1] Because no further briefing will be submitted, Plaintiff's request that the Court "concurrently schedule briefing regarding Plaintiff's entitlement to attorney's fees and the amount of said fees" is DENIED. Dkt. 83 at 4. Plaintiff is not entitled to attorney's fees under 28 U.S.C. § 1447(c) because Defendant had "an objectively reasonable basis for removal" at that time, and no unusual circumstances have been shown. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135-36 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

**II.    Analysis**

   **A.    Motion to Remand**

      1.    Legal Standard

Federal courts are ones of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If at any time before final judgment the court determines that it is without subject matter jurisdiction, a removed action must be remanded to the state court in which it was originally filed. 28 U.S.C. § 1447(c). The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

When a case does not arise under federal law, original jurisdiction generally exists only where there is "diversity of citizenship." 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An action may be filed in federal court based on diversity jurisdiction only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* The claims of multiple plaintiffs may be aggregated for this purpose only where they "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

      2.    Application

         a)    Whether Defendant Meets Its Burden to Show Diversity Jurisdiction[2]

            (1)    The Joint Report Is Deemed a Motion for Reconsideration and Opposition

As noted, the May 4, 2012 Order denied Plaintiff's Motion to Remand. Dkt. 52 at 13; Dkt. 17. In the February 10, 2015 Joint Report, Plaintiff requests reconsideration of this ruling and Defendant argues that this ruling was correct and should not be revisited. Dkt. 83. The Joint Report sets forth the respective positions of the parties on this issue with citations to authority. It supplements the briefs originally filed in connection with Plaintiff's motion to remand.

Ordinarily, under the doctrine of the law of the case, "when a court decides upon a rule of law, that

---

[2] Because the parties are of diverse citizenship, only the amount in controversy is at issue. Compl., Dkt. 1-1, ¶¶ 9-10; Dkt. 1, ¶¶ 7-8. Plaintiff is a citizen of California; Defendant is a citizen of Texas.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). However, under Local Rule 7-18, a motion for reconsideration of such a decision may be brought on one of three grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

*Urbino*, a binding decision which abrogated a number of the district court cases relied on by the Court in its ruling on the motion to remand, is a significant change of law that occurred after the prior ruling. It is therefore appropriate to treat Plaintiff's position as set forth in the Joint Report as a Motion for Reconsideration, although it is not so titled, and to treat Defendant's position as its opposition to such a motion.

(2)     The Effect of the *Urbino* Decision on PAGA Claim Aggregation

Under the statutory scheme of PAGA, an "aggrieved employee" may sue an employer "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). The California Labor and Workforce Development Agency ("LWDA") receives 75% of the plaintiff's recovery, and the aggrieved employees receive 25%. *Id.* § 2699(i).

Prior to *Urbino*, there was a split among district courts in California with respect to whether the claims of other aggrieved employees on whose behalf a plaintiff brought PAGA claims could be aggregated as a "common and undivided interest" for purposes of determining whether the amount in controversy necessary to support diversity jurisdiction was established. Dkt. 52 at 4-6 (citing cases). The May 4, 2012 Order, which followed one line of authority, determined that "all the aggrieved employees' claims may be aggregated to meet the jurisdictional threshold." *Id.* at 6. *Urbino* held to the contrary, and thereby abrogated the line of authority on which the May 4, 2012 Order was based.

*Urbino* reasoned that "[a]ggrieved employees have a host of claims available to them—e.g., wage and hour, discrimination, interference with pension and health coverage—to vindicate their employers' breaches of California's Labor Code. But all of these rights are held individually. Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees." 726 F.3d 1118, 1122 (9th Cir. 2013). Thus, it concluded that "Defendants' obligation to them is not as a group, but as individuals severally," and "diversity jurisdiction does not lie because their claims cannot be aggregated." *Id.* (internal citations and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

          (3)      Whether California's Pro Rata Share May Be Aggregated with Plaintiff's to Determine the Amount in Controversy

Defendant argues that, although *Urbino* forecloses aggregation of Plaintiff's pro rata share with that of other "aggrieved employees" for purposes of determining the amount in controversy, it leaves open the possibility that Plaintiff's share may be aggregated with that of the LWDA. Dkt. 83 at 6-7. Thus, although the Complaint alleges that Plaintiff's "pro rata share of penalties and pro rata share of attorneys' fees[] is less than $75,000," Compl., Dkt. 1-1, ¶ 4, Defendant contends that, if this 25% share is aggregated with the 75% share of the LWDA, the amount in controversy will continue to exceed $75,000. For this reason, Defendant contends that jurisdiction remains.

*Urbino* did not expressly rule on this issue. Following *Urbino*, at least one district court has adopted Defendant's position. *Patel v. Nike Retail Servs., Inc.*, 2014 WL 3611096, at *11 (N.D. Cal. July 21, 2014); *see also Madison v. U.S. Bancorp*, 2015 WL 355984, at *3 n.4 (N.D. Cal. Jan. 27, 2015) (noting that "[t]he Ninth Circuit has not ruled on this issue" and supporting the analysis of *Patel*, but declining to address it). *Patel* reasoned that, under PAGA the state is either a "nominal or formal party," in which case its 75% recovery is to be attributed to the plaintiff, or "if it does hold any such interest, the interest is held in common with the individual workers." *Patel*, 2014 WL 3611096 at *10, *13 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). *Iskanian* provides some support for this position when it concludes that "a PAGA litigant's status as 'the proxy or agent' of the state is not merely semantic; it reflects a PAGA litigant's substantive role in enforcing our labor laws on behalf of state law enforcement agencies." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 388 (2014) *cert. denied*, 135 S. Ct. 1155 (2015) (citation omitted).

Other courts have taken a different course with which this Court agrees. Thus, the more persuasive reading of *Urbino* is that neither the share of other workers nor the share of the state is to be considered. The following language in the decision offers substantial support for this outcome:

> Defendants contend however that the interest Urbino asserts is not his individual interest but rather the state's collective interest in enforcing its labor laws through PAGA. . . . To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a "citizen" for diversity purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59, 22 S.Ct. 18, 46 L.Ed. 78 (1901); *see also Moor v. Cnty. of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) (explaining that "a State is not a 'citizen' for purposes of the diversity jurisdiction"). Accordingly, the federal courts lack subject matter jurisdiction over this quintessential California dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07116 JAK (JCx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | |

*Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122-23 (9th Cir. 2013).

This language implies that, whether the state is deemed a nominal party or a real party in interest, its interest is not to be considered. A contrary reading would also conflict with the reasoning that underlies the holding in *Urbino*'s. An inconsistent analysis would be required if a district court, which is not to consider the claims of other represented workers to be "common and undivided" with those of a PAGA litigant, were to take a contrary approach by considering the state's "collective interest," vindicated by the litigation of these claims, to be such a common and undivided interest. Several other district courts have reached this conclusion, *i.e.*, that the approach best supported by *Urbino* is that the share of the LWDA is not to be included in determining the amount in controversy. *See Garrett v. Bank of Am., N.A.*, 2014 WL 1648759, at *6 (N.D. Cal. Apr. 24, 2014); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013); *Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) ("the Court finds no logical support that Defendant, while precluded from relying upon the total amounts awardable under PAGA when evaluating the amount in controversy, may rely upon the 75% of the total amount payable to the LWDA, to demonstrate the $75,000 threshold."); *Main v. Dolgen California, LLC*, 2013 WL 5799019, at *3 (E.D. Cal. Oct. 28, 2013), *leave to appeal denied* (Apr. 10, 2014).

For these reasons, the 75% share of any PAGA recovery that would be awarded to the LWDA may not be aggregated with Plaintiff's 25% share to determine the amount in controversy in this action.

    b)  Whether the Required Amount in Controversy Existed at the Time This Action Was Filed

Defendant argues that, even its position regarding aggregation is rejected, the change in law effected by *Urbino* "does not change the fact that jurisdiction existed at the time of removal – which is the only relevant time of inquiry as a matter of law." Dkt. 83 at 6. This argument is unpersuasive. Generally, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). However, this rule does not apply. Instead, the following principle governs: "new judicial decisions interpreting old statutes … have long been applied retroactively to all cases open on direct review." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1090 (9th Cir. 2010). The rationale for this rule is that "when a court interprets a statute, even an ambiguous one, and even when that interpretation conflicts with the court's own prior interpretation, the new interpretation is treated as the statute's one-and-only meaning." *Id.* Here, Defendant claims that the "subsequent event" is the "subsequent change in the law" as stated in *Urbino*. Dkt. 83 at 6. However, *Urbino* interpreted two statutes, PAGA and 28 U.S.C. § 1332(a). Therefore, its holding extends retroactively, including to the time this action was filed. For this reason, the amount in controversy at that time did not meet the statutory minimum.

      \*    \*    \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV11-07116 JAK (JCx) | | Date | March 24, 2015 |
|---|---|---|---|---|
| Title | Adriana Lopez v. Ace Cash Express, Inc. et al. | | | |


For these reasons, Defendant has not met its burden to show that subject matter jurisdiction over this action existed at the time of removal. Plaintiff's Motion to Reconsider and her Motion to Remand are GRANTED.

### B.     Motion to Compel Arbitration

Once a court has determined that it is without jurisdiction, it must dismiss or remand the action, and may not rule on the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). To do so would be to issue a "hypothetical judgment," equivalent to an "advisory opinion," which federal courts are without jurisdiction to do. *Id.* at 101.

Defendant's Motion to Compel Arbitration is brought pursuant to the Federal Arbitration Act ("FAA"). Dkt. 19 at 6. The FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Memorial Hosp. v. Mercury Const.*, 460 U.S. 1, 25 n. 32 (1983). Because the action must be remanded for lack of jurisdiction, there is no jurisdiction to act on the Motion to Compel Arbitration. Therefore, this Motion is DENIED AS MOOT.

### III.     Conclusion

For the reasons stated in this Order, this action is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk courthouse.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |